IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER J. SOROKAPUT, | No. 4:21-CV-00740 |
| Plaintiff, | (Judge Brann) |
| v. | |
| NICK FARE, | |
| Defendant. | |

MEMORANDUM OPINION

JUNE 10, 2021

## I. BACKGROUND

Peter J. Sorokaput, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The sole Defendant is Nick Fare, a correctional officer at the Schuylkill County Prison, Pottsville, Pennsylvania.[2] Plaintiff complains of a February 22, 2019 incident in which Defendant Fare allegedly demonstrated excessive force against Plaintiff.[3] Subsequent to the filing of the complaint, Plaintiff filed an application to proceed *in forma pauperis*.[4] Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein and the Clerk will be ordered to file the complaint.

---

[1] Doc. 1.
[2] *Id*.
[3] *Id*.
[4] Doc. 7.

At this time, this Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the Plaintiff's Eighth Amendment claim of excessive force will be dismissed with prejudice as barred by the two-year statute of limitations, and the Court will decline to exercise supplemental jurisdiction over any state law claims.

## II.    FACTUAL ALLEGATIONS

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff alleges that on February 22, 2019, while lying on his bed in his cell on Delta Block, Defendant Fare "came in [his] cell and threw [him] off [his] bed to the concrete floor and was kicking [him] punching [him] and put his knee in [Plaintiff's] chest and tried to slam [his] head into the floor but [Plaintiff] stop[ped] him," while "the Other CO's were saying sexual comments against [Plaintiff] against the PREA law."[5] Plaintiff claims that he "had marks on [his] chest and [his] back was hurting."[6]

---

[5] Doc. 1.
[6] *Id*.

Plaintiff raises the additional claim that "Schuylkill County should be blamed for their actions, the cop, the DA office cause of prosecutorial misconduct, defamation of character, lost job, house, wages, friends and reputation in the community and family."[7]  Plaintiff further claims that he was "bribed by cop to act dishonestly while he offered [Plaintiff] a favor to talk to the DA for me about my sentence" and he also badgered [Plaintiff], coerced, forced [him] to confess to a crime [he] never committed and false imprisonment" as "cop had no such evidence or probable cause to stop [Plaintiff] or search [him]," resulting in "malicious prosecution."[8]

On April 22, 2021, Plaintiff filed the instant complaint, "seeking money damages for suffering and pain."[9]

### III.    STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*,[10] seeks redress against a governmental employee or entity,[11] or brings a claim with respect to prison conditions.[12]  The PLRA directs district courts to *sua*

---

[7]  *Id*.
[8]  *Id*.
[9]  *Id*.
[10] *See* 28 U.S.C. § 1915(e)(2)(B),
[11] *See* 28 U.S.C. § 1915A(b)
[12] *See* 42 U.S.C. § 1997e.

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'."[13]  To survive *sua sponte* screening for failure to state a claim,[14] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[15]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[17]

---

[13] 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[14] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir.2012) (*per curiam*) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (discussing 28 U.S.C. § 1915A(b)).

[15] *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (citation omitted).

[16] *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir.2012) (quoting *Iqbal*, 556 U.S. at 678).

[17] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).

## IV. DISCUSSION

A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage.[18] While a plaintiff is not required to plead that the claim has been brought within the statute of limitations,[19] the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA.[20]

Under Pennsylvania law, there is a two-year statute of limitations period for personal-injury torts.[21] Because a § 1983 claim is characterized as a personal-

---

[18] *See Hunterson v. Disabato*, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").

[19] *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

[20] *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x. 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); *see also Archie v. City of Newark,* No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

[21] 42 Pa. Cons. Stat. § 5524.

injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims.[22]

The limitation period begins to run on the accrual date, which is governed by federal law.[23] Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff.[24] "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." plaintiff.[25] Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong.[26] Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person."[27] Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."[28] Furthermore, "the rule that a

---

[22] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).
[23] *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).
[24] *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp. Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009).
[25] *Kach*, 589 F.3d at 634.
[26] *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252. 254 (3d Cir. 1982)).
[27] *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012).
[28] *Kach*, 589 F.3d at 634.

cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim."[29]

Judged by these benchmarks, Sorokaput's allegations against Defendant Fare are plainly time-barred. The only well-pleaded allegation that Plaintiff makes against Fare allegedly took place on February 22, 2019, more than two years prior to the April 22, 2021[30] filing of the instant action. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."[31]

Because the statute of limitations defense is apparent on the face of Sorokaput's complaint, it is subject to dismissal as legally frivolous pursuant to the Court's screening authority under 28 U.S.C. § 19159(e)(2)(B)(i) and § 1915A(b)(1).[32]  Moreover, as the complaint fails to reveal any ground for equitable

---

[29] *Graff v. Kohlman*, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).

[30] The Court notes that Plaintiff's complaint was signed on April 7, 2021 and his mailing envelope is postmarked April 15, 2021. Thus, even providing Plaintiff the benefit of the signature and postmark date, does not bring his complaint within the required February 22, 2021 timely file date.  *See Houston v. Lack*, 487 U.S. 266 (1988) (finding that the computation of time for complaints filed by *pro se* inmates is determined by the "mailbox rule").

[31] *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

[32] To the extent that Plaintiff alleges state law claims for false imprisonment, defamation, and malicious prosecution, because his federal claim is dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law claims.

tolling of the statute of limitations,[33] the complaint will be dismissed with prejudice.[34]

## V. CONCLUSION

For the foregoing reasons, this Court will dismiss the complaint as legally frivolous as it is time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[33] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " *Omar v. Blackman*, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

[34] *Ostuni v. Wa Wa's Mart*, 532 Fed.Appx. 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).