## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER J. SOROKAPUT, | No. 4:21-CV-00740 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NICK FARE, | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 10, 2023

## I.      BACKGROUND

On April 22, 2021, Peter J. Sorokaput, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  The sole Defendant is Nick Fare, a correctional officer at the Schuylkill County Prison, Pottsville, Pennsylvania.[2]

Plaintiff alleges that on February 22, 2019, while lying on his bed in his cell on Delta Block, Defendant Fare "came in [his] cell and threw [him] off [his] bed to the concrete floor and was kicking [him] punching [him] and put his knee in [Plaintiff's] chest and tried to slam [his] head into the floor but [Plaintiff] stop[ped] him," while "the Other COs were saying sexual comments against [Plaintiff]

---

[1]   Doc. 1.
[2]   *Id.*

against the PREA law."[3]  Plaintiff claims that he "had marks on [his] chest and [his] back was hurting."[4]

Plaintiff raises the additional claim that "Schuylkill County should be blamed for their actions, the cop, the DA office cause of prosecutorial misconduct, defamation of character, lost job, house, wages, friends and reputation in the community and family."[5]  Plaintiff further claims that he was "bribed by cop to act dishonestly while he offered [Plaintiff] a favor to talk to the DA for me about my sentence" and he also badgered [Plaintiff], coerced, forced [him] to confess to a crime [he] never committed and false imprisonment" as "cop had no such evidence or probable cause to stop [Plaintiff] or search [him]," resulting in "malicious prosecution."[6]

By Memorandum and Order dated June 10, 2021, the Court conducted an initial screening of the complaint and dismissed the complaint as legally frivolous, finding that it was time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[7]  Plaintiff filed a timely notice of appeal to the United States Court of Appeals for the Third Circuit.[8]  On August 2, 2022, the Court of Appeals remanded the above captioned action for further proceedings with respect to whether

---

[3]   *Id.*
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   Docs. 10,11.
[8]   Doc. 13.

Sorokaput had properly exhausted administrative remedies, and to assess extent the limitations period might have been tolled as a result.[9]

By Order dated August 25, 2022, the action was reopened and served on the only named Defendant, Nick Fare.[10]  Upon the waiver of service for Fare returned unexecuted, indicating "not deliverable as addressed,"[11] the Court again directed service of the Complaint, specifically noting on the waiver that Fare is a Correctional Officer located at the Schuylkill County Prison.[12]  On December 27, 2022, the waiver of service was again returned to this Court as undeliverable.[13]

Presently before the Court is Plaintiff's motion to amend his complaint, in which he seeks to add Warden Joseph Groody as a new Defendant, claiming that Defendant Fare "was released from employment."[14]  Plaintiff has also submitted his proposed Amended Complaint, in which he names the Schuylkill County District Attorney as an additional Defendant.[15]

At this time, this Court must screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)[16] to determine whether it should be dismissed as frivolous or

---

[9]   Doc. 17-2.
[10]  Doc. 18.
[11]  Doc. 21.
[12]  Doc. 22.
[13]  Doc. 26.
[14]  Doc. 25.
[15]  Doc. 28.
[16]  Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons, the Plaintiff's Amended Complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

## II.    FACTUAL ALLEGATIONS

Plaintiff's Amended Complaint states in toto:

Prosecutorial Misconduct.  Withheld of exculpatory medical evidence.  Burden of proof beyond a reasonable doubt. Lack of evidence.[17]

For relief Plaintiff seeks to "be released with time served, and money damages."[18]

## III.   DISCUSSION

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws the appropriate remedy is a civil rights action.[19]  However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of

---

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[17]   Doc. 28 at 4.
[18]   *Id.*
[19]   *See Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

habeas corpus.[20]  "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and then only if his detention were found to be unlawful.' "[21]

The Court construes Sorokaput's allegations as a challenge to his underlying conviction.  Such claims by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and are not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983.[22]

Furthermore, the claim for money damages cannot proceed.  Unless a plaintiff has already successfully challenged his confinement in an appropriate fashion, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement.  In *Heck v. Humphrey*,[23] the Supreme Court of the United States clarified the interplay between habeas and civil rights claims.  The *Heck* Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

---

[20]   Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993).

[21]   *Learner*, 288 F.3d at 540 (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

[22]   *See Preiser*, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of § 1983); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under § 2254).

[23]   512 U.S. 477 (1994).

actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[24]

Additionally, as the Supreme Court explained in *Wilkinson v. Dotson*,[25]: "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration."  The Third Circuit summarized the holding of *Heck* as follows: "where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence."[26]  In the case at bar, *Heck*'s favorable-termination rule applies because Sorokaput's complaint calls into question the fact of his confinement.

As such, Sorokaput's complaint fails to state a claim upon which relief may be granted and must therefore be dismissed.  To the extent that Plaintiff wishes to

---

[24]  *Id*. at 486-87 (footnote omitted).
[25]  544 U.S. 74, 81-82 (2005) (emphasis in original).
[26]  *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

challenge the validity of his underlying conviction, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion to amend, accept the Amended Complaint as filed, and dismiss the Amended Complaint without prejudice for failure to state a claim upon which relief may be granted.[27]

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[27] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915e, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claims for relief are not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and instead must be brought as a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, granting leave to amend would be futile.